Filed 8/29/13  In re J.G. CA2/5

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re J.G., a Person Coming Under the Juvenile Court Law. | B245419<br>(Los Angeles County<br>Super. Ct. No. CK95138) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>DOMINIQUE L.,<br><br>        Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Donna Levin, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Dismissed.

Richard D. Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel and Melina A. Green, Deputy County Counsel for Plaintiff and Respondent.

# I. INTRODUCTION

The mother, Dominique L., appeals from the juvenile court's October 15, 2012 jurisdictional findings and disposition order. The juvenile court found the mother failed to protect the children, J.G., Jr. and Ja. G., from domestic violence. (Welf. & Inst. Code, § 300, subd. (b).) The dispositional order required the Department of Children and Family Services (the department) to provide family maintenance assistance to the mother. After the mother filed her appeal, she absconded with the children in violation of court orders. We dismiss the appeal under the disentitlement doctrine.

# II. FACTS

We grant the department's motion and take judicial notice of the post-judgment evidence. An appellate court may consider limited post-judgment evidence when ruling on a dismissal motion. (*In re Josiah Z.* (2005) 36 Cal.4th 664, 676; *In re A.B.* (2008) 164 Cal.App.4th 832, 840-841; *In re Salvador M.* (2005) 133 Cal.App.4th 1415, 1420-1422; *In re Kamelia S.* (2000) 82 Cal.App.4th 1224, 1226, 1227, fn. 5.) We judicially notice the February 8 and 20 and April 23, 2013 minute orders and the April 23, 2013 status review report.

On December 11, 2012, after the notice of appeal was filed, Jeanette Lewis, a social worker, met the mother and children at their home. The mother made Ms. Lewis wait for over five minutes before opening the door. Ms. Lewis offered the mother family preservation services. But the mother indicated she did not really need any help. On December 18, 2012, Ms. Lewis spoke with the mother over the phone. The mother declined family preservation services and stated she did not need any help from the department. The mother agreed to contact Ms. Lewis when she returned home from visiting relatives in Long Beach but she never did.

On February 8, 2013, the juvenile court issued an arrest warrant for the mother and set bail at $50,000. In addition, protective custody warrants were issued for the children.

The February 8, 2013 minute order indicates the mother and minors where at large. At the February 20, 2013 hearing, the juvenile court ordered the warrants for the mother and children to remain in full force and effect. At the April 23, 2013 hearing, the juvenile court again ordered the warrants to remain in full force and effect.

The April 23, 2013 status review report states the children's whereabouts were unknown and they were missing along with their parents. The status review report relates the following. On December 5, 2012, Ms. Lewis visited the mother to deliver a bus pass. Ms. Lewis heard the voices of the mother, Ja. G., and a male coming from inside the home. When Ms. Lewis knocked, it became quiet and no one answered the door. She continued knocking and the mother finally answered, "Who is it?" Ms. Lewis identified herself. Ms. Lewis waited 20 minutes before the mother finally opened the door slightly and nudged Ja. G. out. As soon as the mother opened the door, Ms. Lewis smelled marijuana. Ms. Lewis asked to enter the home and observed the home was disorganized and dirty. She noticed the patio door was cracked open but no one was out on the patio. The mother claimed she was talking to a male friend over her cell phone. The mother also asserted the marijuana smell was from a candle that she had in the home. On January 29, 2013, Ms. Lewis contacted J.G. Jr.'s school and learned the child had been out of school since December 14, 2012. Ms. Lewis also learned the family had moved out of their apartment without leaving a forwarding address. Ms. Lewis was unsuccessful in her efforts to locate the family.

## III.  DISCUSSION

After the mother filed her appeal, she absconded with the children in violation of the juvenile court orders. By absconding with the children, the mother "effectively undermined and frustrated the core purpose of California's dependency law." (*In re E.M.* (2012) 204 Cal.App.4th 467, 475; *In re Kamelia S., supra,* 82 Cal.App.4th at p. 1229.) Our Supreme Court explained:  "A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of

contempt to legal orders and processes of the courts of this state." (*MacPherson v. MacPherson* (1939) 13 Cal.2d 271, 277.)  The disentitlement doctrine applies not only when a parent disobeys the order being appealed but also when "egregious" conduct frustrates the juvenile court from carrying out its orders.  (*In re E.M., supra,* 204 Cal.App.4th at p. 477.)  The Court of Appeal for the First District has held:  "The disentitlement doctrine has been applied to deprive a party of the right to present a defense as a result of the litigant's violation of the processes of the court, withholding of evidence, defaulting on court-imposed obligations, disobeying court orders, or other action justifying a judgment of default.  [Citation.]  The case for application of the doctrine is most evident where, as here, the party is a fugitive who refuses to comply with court orders or make an appearance despite being given notice and an opportunity to appear and be heard."  (*Adoption of Jacob C.* (1994) 25 Cal.App.4th 617, 624; *In re Kamelia S., supra,* 82 Cal.App.4th at p. 1229.)  Because we dismiss the mother's appeal under the disentitlement doctrine, we do not address her contentions.

## IV.  DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.                                                    KRIEGLER, J.